**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

LYON & ASSOCIATES, INC.
d/b/a Lyon Construction

*Plaintiff*,

vs.

SYNERGI, LLC

*Defendant*.

Civil Action No.

## COMPLAINT

Plaintiff, LYON & ASSOCIATES, INC. ("Lyon"), by counsel, moves this Court for judgment against Defendant, SYNERGI, LLC ("Synergi") and as grounds therefor, states as follows:

## INTRODUCTION

Plaintiff seeks (a) compensatory damages in an amount not less than Five Hundred Fifty-Two Thousand Two Hundred Fifty-Seven Dollars and Seventy-Nine cents ($552,257.79), (b) pre-judgment interest on the principal sum from the date specified herein to the date of Judgment at the rate of six percent (6%) per year; (c) court costs; and (d) attorney's fees arising out of Defendant's breach of contract.

## THE PARTIES

1. Lyon & Associates, Inc. is a corporation duly incorporated and existing under and by virtue of the laws of the state of Texas with its principal office located in Bluff Dale, Texas.

2. Defendant Synergi, LLC is a limited liability company organized under the laws of Maryland with its principal office located in Elkridge, Maryland; none of Synergi's members is a citizen of the State of Texas, and complete diversity of citizenship therefore exists between

Plaintiff and Defendant.

3. Defendant Synergi is a company that serves as general contractor providing design, fabrication and installation of stairs, railings and windscreens for large complex projects throughout the metropolitan DC/MD/VA region and elsewhere in the world.

## JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. The parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest, costs and fees.

5. Synergi is subject to personal jurisdiction in Virginia pursuant to Virginia's long-arm statute, § 8.01-328.1(A)(1), (A)(2), and (A)(4) of the Code, as well as the Due Process Clause of the United States Constitution. Synergi is subject to both general and specific personal jurisdiction. It engages in business in Virginia, the contract at issue relates to construction performed by Lyon on a building site located in Alexandria, Virginia. Synergi has minimum contacts with Virginia such that the exercise of personal jurisdiction over it comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution.

6. Venue is proper in the Alexandria Division of the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

7. Lyon is a contractor in the business of fabricating and/or sourcing and installing various building elements such as stairs, stair rails, balconies, commercial awnings and the like.

8. In March of 2020, Synergi engaged Lyon as a subcontractor to perform

construction services at multiple projects. On or about March 12, 2020, Synergi issued a Master Subcontract Agreement ("MSA") governing the relationship between Synergi, as Contractor, and Lyon, as the Subcontractor, for future work to be performed by Lyon based on Purchase Orders subsequently issued by Synergi. Attached as Exhibit A.

9. After the MSA was executed, Synergi issued Purchase Orders for Lyon to provide construction services on several projects throughout the D.C. Metropolitan area.

10. In April 2021, while Lyon had crews working on multiple other Synergi projects, Synergi contacted Lyon seeking their services as a subcontractor on a new project at the Institute for Defense Analyses ("IDA") located on Glebe Road in Alexandria, Virginia. On April 13, 2021, Synergi's Aaron Weissner emailed Allen J. Lyon, president of Plaintiff corporation, stating that "We have a project that we need to mobilize to right away. We only need 4-5 people to man this project but we need them available as soon as Thursday 4/15/2021."

11. Messrs. Lyon and Weissner spoke by phone on April 14 and on April 15, 2021 about the IDA project and Weissner emailed Lyon again to confirm various elements of the project, stating "I think you need around 4 people but if it works better for you to save money you could start with 2 people for layout and welding and ramp up to 4 people when installing glass and ramp down to 2 people when installing trim." He further stated, "Schedule is tight but seems doable. We need to start ASAP (Monday 4/19/21). We have until the end of August to finish."

12. Key commercial terms of the agreement between Lyon and Synergi were contained in a Purchase Order for $167,500.00 which was executed by the Parties on or about April 19, 2021 ("IDA P.O."). An unexecuted copy of the IDA P.O. is attached as Exhibit B.

13. On or about April 20, 2021, Synergi issued and Lyon accepted Subcontract

Number 2165-01 for $167,500.00 for work at the IDA in Alexandria, Virginia ("IDA Subcontract"). An unexecuted copy of the IDA Subcontract is attached as Exhibit C. For ease of reference, the MSA, IDA P.O, and IDA Subcontract are collectively referred to herein as the "Agreement").

14. Pursuant to the terms of the IDA P.O. and the IDA Subcontract, Synergi was to provide the materials that Lyon contracted to install at the IDA jobsite, however, Synergi failed to have the materials there in a timely fashion.

15. Synergi's failure to have the materials at the IDA jobsite and ready for installation caused Lyon to pull its work crews from the IDA jobsite repeatedly over a number of months after the work began.

16. Although Synergi intended for Lyon's part of the work at IDA to be completed in August and then later in October, Synergi did not even get the majority of the materials to the site until November at which time Synergi instructed Lyon that the work must be completed by Thanksgiving.

17. Once the material arrived, Lyon was unable to obtain sufficient crew to meet that deadline given the short notice and number of available workers with appropriate government clearances as required for the IDA jobsite.

18. Synergi continued to demand impossibly rapid completion of the IDA project and Lyon brought every available member of its workforce with appropriate clearances to the site, but it was impossible to meet Synergi's demanded timeline due to the substantial amount of material remaining to be installed.

19. On or about November 2, 2021, Synergi breached its contract with Lyon by hiring additional companies and individuals to complete Lyon's work and charging that cost

back to Lyon. Thereafter, Synergi wrongfully asserted a set-off and recoupment of their alleged "losses" on the IDA project against monies rightfully owed to Lyon on multiple other projects.

20. Synergi's failure to timely provide materials with sufficient time for installation prior to the scheduled due date was a material breach of the Agreement and discharged Lyon's obligation to perform its work under the IDA Subcontract and IDA P.O.

21. On information and belief, Synergi engaged more than one company to complete the work and even with a crew of over 20 men, Lyon's contracted portion of the work at the IDA site was not completed until spring of 2022.

**COUNT I – BREACH OF CONTRACT**

22. Plaintiff hereby incorporates all prior paragraphs as if fully restated herein.

23. Lyon entered into a valid and enforceable written contract with Defendant.

24. Lyon performed its obligations under the Agreement.

25. Synergi breached the Agreement by failing and refusing to supply the materials that Lyon was to install in a timely manner.

26. On November 2, 2021, Synergi further breached the Agreement by wrongfully hiring other individuals and companies to do the work that Lyon had contracted to do at the IDA site.

27. Synergi further breached the Agreement by wrongfully refusing to pay Lyon the agreed upon amounts on all other 6 projects that Lyon had completed or was in the process of completing for Synergi.

28. As a result of Synergi's breach of the IDA contract, Synergi wrongfully withheld payments on the following projects in the following amounts: Cap One PAC: $15,779.00, INOVA: $22,639.10, IDA: $98,700.00, Avocet: $85,281.00, Wharf: $198,678.00,

Block 185: $126,650.69, and 7272 Wisc. Ave.: $4,530.00 for a total of Five Hundred Fifty-Two Thousand Two Hundred Fifty-Seven Dollars and Seventy-Nine cents ($552,257.79).

29. As a direct and proximate result of Synergi's breaches, Lyon has been damaged in the amount of $552,257.79, representing amounts wrongfully withheld on the projects listed above.

30. Demand has been made upon Synergi for payment of the damages incurred by Lyon as a result of Synergi's breaches, but Synergi has failed and refused to pay same.

**COUNT II – QUANTUM MERUIT**
**(Pled in the Alternative)**

31. Plaintiff hereby incorporates all prior paragraphs as if fully restated herein.

32. Quantum Meruit is pled in the alternative in the event the Court finds no enforceable contract.

33. Lyon provided the services to Synergi in good faith and invested time and money to fulfill their contractual obligations with full expectation of compensation.

34. Defendant has accepted and retained substantial benefit as a result of Plaintiff's performance of the construction services on multiple projects and by refusing to compensate Plaintiff for the value of it; Defendant has retained the benefit under circumstances that render it inequitable.

35. Plaintiff is entitled to compensation for the value of the Services provided to Defendant and to reimbursement of its expenditures on behalf of Defendant.

**JURY TRIAL DEMAND**

36. Lyon demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Lyon & Associates, Inc. respectfully requests the Court to enter judgment

against Synergi, LLC as follows:

A. Compensatory damages in an amount to be determined by the Jury but not less than $552,257.79;

B. Pre-judgment at a rate of six percent, and post-judgment interest on all amounts awarded;

C. Reasonable attorney's fees;

D. Costs expended herein; and

E. Such other relief as is just and proper.

Dated this 22nd day of September 2026

Respectfully Submitted,

*/s/ Benjamin Hyman*

Samuel C. Moore (VSB # 73233)
Benjamin Hyman (VSB # 100998)
Moore Christoff & Siddiqui, PLLC
526 King St., Suite 506
Alexandria, VA 22314
Telephone: 703.535.7809
Facsimile: 571.223.5234
scmoore@moorechristoff.com
bhyman@moorechristoff.com
*Counsel for Plaintiff Lyon & Associates, Inc.*